EXHIBIT A
Case Number: CACE-16-006972  Division: 08

Filing # 40353718 E-Filed 04/15/2016 07:34:45 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

JAMES M. WAGY,                                    Case No.:

        Plaintiff,

    v.

SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

        Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

          SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida

**By Serving:**  **Scott J. Israel, as Sheriff of Broward County, Florida**
              **Broward Sheriff's Office**
              **2601 W. Broward Boulevard**
              **Fort Lauderdale, FL 33312**

      Each defendant is required to serve written defenses to the complaint or petition on Hugh L. Koerner, Esq., whose address is 3475 Sheridan Street, Suite 208, Hollywood, Florida, 33021, Tel: 954/522-1235, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on this ___15th___ day of April, 2016.

APR 25 2016

           HOWARD C. FORMAN
           As Clerk of the Court

    By     _____
           As Deputy Clerk

           HOWARD C. FORMAN

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 4/15/2016 7:34:44 PM.****

EXHIBIT A

EXHIBIT A

*s/. Hugh L. Koerner*
Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:    (954) 522-1176
**Attorney for Plaintiff James M. Wagy**

Filing # 40353718 E-Filed 04/15/2u .o 07:34:45 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

JAMES M. WAGY,                                    Case No.:

        Plaintiff,

v.

SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

        Defendants.

_____/

## COMPLAINT

1.     This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

2.     Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

3.     Plaintiff JAMES M. WAGY is a resident of Broward County, state of Florida.

4.     Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, acted through its agents, employees,

EXHIBIT A

and servants, including John Rodriguez, Engelene Pierre-Louis, Mouda Mashnouk, and others.

## FACTS

5.  At all times material hereto, Mirta Rodriguez was the sister-in-law of Plaintiff, JAMES M. WAGY (hereinafter "Plaintiff").

6.  On July 28, 2013, in Broward County, state of Florida, Alberto Garayoa (hereinafter "Garayoa") was arrested for felony battery against Mirta Rodriguez, his girlfriend.   The battery occurred in both Broward County and in Miami-Dade County.   Although the battery was investigated by the Miami-Dade County Police Department, criminal charges were filed against Garayoa in Broward County, Florida.

7.  On June 14, 1999, Garayoa was sentenced to 10-years Florida State Prison for aggravated battery in Miami-Dade County Case No. 98-18056.  Garayoa was released from prison on November 16, 2007.

8.  Because Garayoa had a prior conviction for aggravated battery conviction, the battery upon Rodriguez on July 28, 2013, was charged as a felony.

9.  On August 15, 2013, Mirta Rodriguez obtained an injunction for protection against domestic violence against Garayoa in Miami-Dade County Circuit Court, Case No. 13-019803-FC-04.

10.  On October 19, 2013, Mirta Rodriguez traveled to the Broward Sheriff's Office Weston District Headquarters, located at 17300 Royal Palm Boulevard, Weston, Broward County, Florida.

11.  Mirta Rodriguez advised Broward County Sheriff's Deputy John Rodriguez that Garayoa violated the no contact provision of the domestic violence restraining order on October 17 and October 18th.  Mirta Rodriguez explained to John Rodriguez that she had been instructed by the

EXHIBIT A

EXHIBIT A

Miami-Dade County Police Department to obtain a police report from the Defendant BROWARD SHERIFF'S OFFICE, since the violations occurred in Broward County, Florida.

12.     John Rodriguez refused to provide Mirta Rodriguez with a police report, and instead provided Mirta Rodriguez with a form styled "motion for civil contempt." Mirta Rodriguez was in fear for her life and instead called the Miami-Dade County Police Department, who instructed Mirta Rodriguez to return to Defendant BROWARD SHERIFF'S OFFICE and again request that they document the violation of the injunction in a police report. Mirta Rodriguez was directed to request a supervisor, if necessary.

13.     Mirta Rodriguez again spoke with John Rodriguez, who asked Mirta Rodriguez to sit in the lobby. An employee of Defendant BROWARD SHERIFF'S OFFICE ran the name of Mirta Rodriguez and determined that her driver's license was suspended.    At that time, Engelene Pierre-Louis (hereinafter "Pierre-Louis"), a community service aide (CSA) for Defendant BROWARD SHERIFF'S OFFICE, threatened Mirta Rodriguez with arrest if she operated a motor vehicle. Mirta Rodriguez contacted Plaintiff, who responded to assist Mirta Rodriguez and provide her with transportation home so she would not be arrested. No police report documenting Garayoa's violation of the injunction against domestic violence was ever made.

14.     When Plaintiff arrived Mirta Rodriguez was crying and hysterical, and in fear for her life.

15.     As Mirta Rodriguez waited outside, Plaintiff entered the lobby of Defendant BROWARD SHERIFF'S OFFICE and spoke with Pierre-Louis. When Plaintiff complained to Pierre-Louis about the failure of Defendant BROWARD SHERIFF'S OFFICE to document the complaint of Mirta Rodriguez, Pierre-Louis threatened Plaintiff with arrest, in retaliation for Plaintiff's protected speech under the First Amendment and contrary to Plaintiff's right under the

EXHIBIT A

EXHIBIT A

First Amendment to petition the government for redress of grievances.

16.     At all times material hereto, it was clearly established law that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 107 S.Ct. 2502, 2510 (1987).

17.     At all times material hereto, it was clearly established law that speech directed to police officers is protected under the First Amendment "against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* at 2009.

18.     When Plaintiff was threatened with arrest by Pierre-Louis, in violation of his rights under the First Amendment, he left the building and took Mirta Rodriguez home.

19.     After driving Mirta Rodriguez home, Plaintiff returned to the Weston District Headquarters.

20.     Upon his return to the Weston District Headquarters, Plaintiff was arrested by Defendant BROWARD SHERIFF'S OFFICE in the absence of probable cause that Plaintiff committed any criminal offense, and charged with simple assault upon Pierre-Louis, and disorderly conduct in violation of Florida law.

21.     Garayoa was subsequently convicted of domestic battery (strangulation) in Broward County Case No. 13-15508 for the felony battery upon Mirta Rodriguez occurring on July 28, 2013, and sentenced to 3-years Florida State Prison.

22.     Garayoa was also convicted of aggravated stalking and violation of an injunction against domestic violence in Miami-Dade County Case No. 13-2614, for conduct occurring on September 26, 2013, and sentenced to 4-years Florida State Prison.  In the same case, Garayoa was

EXHIBIT A

EXHIBIT A

sentenced to a concurrent term of 1-year Florida State Prison for the offense of violation of an injunction against domestic violence for conduct occurring on October 1, 2013.

## COUNT I
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD SHERIFF'S OFFICE in Count I, Plaintiff states:

23.     Plaintiff realleges and adopts, as if fully set forth in Count I the allegations of paragraphs 1 through 22.

24.     The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in the absence of probable cause and in violation of Florida law, and constitutes false arrest/false imprisonment of Plaintiff.

25.     The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in violation of Florida law insofar as a law enforcement officer in the state of Florida "may make a warrantless arrest for a misdemeanor offense only when the misdemeanor is committed 'in the presence of the officer.'" *Pierre v. City of Miramar, Florida*, 537 Fed. Appx. 821, 824 (11th Cir. 2013).

26.     At all times material hereto, the conduct resulting in the arrest of Plaintiff occurred outside the in the presence of any officer, insofar as Pierre-Louis is not a police officer in the state of Florida.

27.     The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in violation of Florida law insofar as "in determining the existence of probable cause to arrest a person for a misdemeanor, 'only the [police] *officers*' own observations will be considered.'" *Id.*   Pierre-Louis is not a police officer in the state of Florida.

EXHIBIT A

EXHIBIT A

28.     The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in violation of Florida law, insofar as an arrest for a misdemeanor offense must be made immediately or in fresh pursuit.

29.     At all times material hereto, the conduct resulting in Plaintiff's arrest occurred prior to Plaintiff returning Mirta Rodriguez to his residence, and was not made immediately or in fresh pursuit.

30.     Based on the foregoing, the arrest of Plaintiff was unlawful, and in violation of Florida law.

31.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

32.     As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of his liberty and freedom, mental anguish, lost wages, loss of earning capacity, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.    Cost of suit;

iii.   Trial by jury as to all issues so triable; and

iv.    Such other relief as this Honorable Court may deem just and appropriate.

### DEMAND FOR JURY TRIAL

33.     Plaintiff demands trial by jury on all issues so triable as of right.

EXHIBIT A

EXHIBIT A

**DATED** this __15th__ day of April, 2016.

By:___*s/. Hugh L. Koerner*_____
     Hugh L. Koerner
     Florida Bar No.: 716952
     Email: hlklaw@hughkoerner.com
     Hugh L. Koerner, P.A.
     Sheridan Executive Centre
     3475 Sheridan Street, Suite 208
     Hollywood, FL 33021
     Telephone: (954) 522-1235
     Facsimile:   (954) 522-1176
     **Attorney for Plaintiff James M. Wagy**

EXHIBIT A

Filing # 40353718 E-Filed 04/15/2_ _ _ 07:34:45 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

JAMES M. WAGY,                                  Case No.:

        Plaintiff,

    v.

SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,

        Defendants.

_____/

## COMPLAINT

1.    This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

2.    Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

## PARTIES

3.    Plaintiff JAMES M. WAGY is a resident of Broward County, state of Florida.

4.    Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, acted through its agents, employees,

EXHIBIT A

EXHIBIT A

and servants, including John Rodriguez, Engelene Pierre-Louis, Mouda Mashnouk, and others.

## FACTS

5.      At all times material hereto, Mirta Rodriguez was the sister-in-law of Plaintiff, JAMES M. WAGY (hereinafter "Plaintiff").

6.      On July 28, 2013, in Broward County, state of Florida, Alberto Garayoa (hereinafter "Garayoa") was arrested for felony battery against Mirta Rodriguez, his girlfriend.   The battery occurred in both Broward County and in Miami-Dade County.   Although the battery was investigated by the Miami-Dade County Police Department, criminal charges were filed against Garayoa in Broward County, Florida.

7.      On June 14, 1999, Garayoa was sentenced to 10-years Florida State Prison for aggravated battery in Miami-Dade County Case No. 98-18056.   Garayoa was released from prison on November 16, 2007.

8.      Because Garayoa had a prior conviction for aggravated battery conviction, the battery upon Rodriguez on July 28, 2013, was charged as a felony.

9.      On August 15, 2013, Mirta Rodriguez obtained an injunction for protection against domestic violence against Garayoa in Miami-Dade County Circuit Court, Case No. 13-019803-FC-04.

10.      On October 19, 2013, Mirta Rodriguez traveled to the Broward Sheriff's Office Weston District Headquarters, located at 17300 Royal Palm Boulevard, Weston, Broward County, Florida.

11.      Mirta Rodriguez advised Broward County Sheriff's Deputy John Rodriguez that Garayoa violated the no contact provision of the domestic violence restraining order on October 17 and October 18th. Mirta Rodriguez explained to John Rodriguez that she had been instructed by the

EXHIBIT A

EXHIBIT A

Miami-Dade County Police Department to obtain a police report from the Defendant BROWARD SHERIFF'S OFFICE, since the violations occurred in Broward County, Florida.

12.    John Rodriguez refused to provide Mirta Rodriguez with a police report, and instead provided Mirta Rodriguez with a form styled "motion for civil contempt." Mirta Rodriguez was in fear for her life and instead called the Miami-Dade County Police Department, who instructed Mirta Rodriguez to return to Defendant BROWARD SHERIFF'S OFFICE and again request that they document the violation of the injunction in a police report. Mirta Rodriguez was directed to request a supervisor, if necessary.

13.    Mirta Rodriguez again spoke with John Rodriguez, who asked Mirta Rodriguez to sit in the lobby. An employee of Defendant BROWARD SHERIFF'S OFFICE ran the name of Mirta Rodriguez and determined that her driver's license was suspended.   At that time, Engelene Pierre-Louis (hereinafter "Pierre-Louis"), a community service aide (CSA) for Defendant BROWARD SHERIFF'S OFFICE, threatened Mirta Rodriguez with arrest if she operated a motor vehicle. Mirta Rodriguez contacted Plaintiff, who responded to assist Mirta Rodriguez and provide her with transportation home so she would not be arrested. No police report documenting Garayoa's violation of the injunction against domestic violence was ever made.

14.    When Plaintiff arrived Mirta Rodriguez was crying and hysterical, and in fear for her life.

15.    As Mirta Rodriguez waited outside, Plaintiff entered the lobby of Defendant BROWARD SHERIFF'S OFFICE and spoke with Pierre-Louis. When Plaintiff complained to Pierre-Louis about the failure of Defendant BROWARD SHERIFF'S OFFICE to document the complaint of Mirta Rodriguez, Pierre-Louis threatened Plaintiff with arrest, in retaliation for Plaintiff's protected speech under the First Amendment and contrary to Plaintiff's right under the

EXHIBIT A

EXHIBIT A

First Amendment to petition the government for redress of grievances.

16.     At all times material hereto, it was clearly established law that "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston v. Hill,* 107 S.Ct. 2502, 2510 (1987).

17.     At all times material hereto, it was clearly established law that speech directed to police officers is protected under the First Amendment "against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." *Id.* at 2009.

18.     When Plaintiff was threatened with arrest by Pierre-Louis, in violation of his rights under the First Amendment, he left the building and took Mirta Rodriguez home.

19.     After driving Mirta Rodriguez home, Plaintiff returned to the Weston District Headquarters.

20.     Upon his return to the Weston District Headquarters, Plaintiff was arrested by Defendant BROWARD SHERIFF'S OFFICE in the absence of probable cause that Plaintiff committed any criminal offense, and charged with simple assault upon Pierre-Louis, and disorderly conduct in violation of Florida law.

21.     Garayoa was subsequently convicted of domestic battery (strangulation) in Broward County Case No. 13-15508 for the felony battery upon Mirta Rodriguez occurring on July 28, 2013, and sentenced to 3-years Florida State Prison.

22.     Garayoa was also convicted of aggravated stalking and violation of an injunction against domestic violence in Miami-Dade County Case No. 13-2614, for conduct occurring on September 26, 2013, and sentenced to 4-years Florida State Prison.  In the same case, Garayoa was

EXHIBIT A

EXHIBIT A

sentenced to a concurrent term of 1-year Florida State Prison for the offense of violation of an injunction against domestic violence for conduct occurring on October 1, 2013.

### COUNT I
### FALSE ARREST/FALSE IMPRISONMENT CLAIM
### AGAINST DEFENDANT BROWARD SHERIFF'S OFFICE

For his cause of action against Defendant BROWARD SHERIFF'S OFFICE in Count I, Plaintiff states:

23.   Plaintiff realleges and adopts, as if fully set forth in Count I the allegations of paragraphs 1 through 22.

24.   The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in the absence of probable cause and in violation of Florida law, and constitutes false arrest/false imprisonment of Plaintiff.

25.   The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in violation of Florida law insofar as a law enforcement officer in the state of Florida "may make a warrantless arrest for a misdemeanor offense only when the misdemeanor is committed 'in the presence of the officer.'" *Pierre v. City of Miramar, Florida*, 537 Fed. Appx. 821, 824 (11th Cir. 2013).

26.   At all times material hereto, the conduct resulting in the arrest of Plaintiff occurred outside the in the presence of any officer, insofar as Pierre-Louis is not a police officer in the state of Florida.

27.   The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in violation of Florida law insofar as "in determining the existence of probable cause to arrest a person for a misdemeanor, 'only the [police] *officers*' own observations will be considered.'" *Id*.   Pierre-Louis is not a police officer in the state of Florida.

EXHIBIT A

EXHIBIT A

28.     The arrest of Plaintiff by Defendant BROWARD SHERIFF'S OFFICE was in violation of Florida law, insofar as an arrest for a misdemeanor offense must be made immediately or in fresh pursuit.

29.     At all times material hereto, the conduct resulting in Plaintiff's arrest occurred prior to Plaintiff returning Mirta Rodriguez to his residence, and was not made immediately or in fresh pursuit.

30.     Based on the foregoing, the arrest of Plaintiff was unlawful, and in violation of Florida law.

31.     As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

32.     As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiff suffered loss of his liberty and freedom, mental anguish, lost wages, loss of earning capacity, and loss of capacity for the enjoyment of life.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights under Florida law.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.     Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

33.     Plaintiff demands trial by jury on all issues so triable as of right.

EXHIBIT A

EXHIBIT A

DATED this __15th__ day of April, 2016.

By: __s/. Hugh L. Koerner_____

Hugh L. Koerner
Florida Bar No.: 716952
Email: hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
Sheridan Executive Centre
3475 Sheridan Street, Suite 208
Hollywood, FL 33021
Telephone:  (954) 522-1235
Facsimile:   (954) 522-1176
**Attorney for Plaintiff James M. Wagy**

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT OF BROWARD COUNTY, FLORIDA

CASE NO.: CACE 16-006972

JAMES M. WAGY,

      Plaintiff,

v.

SCOTT ISRAEL, as SHERIFF of BROWARD COUNTY, Florida,

      Defendant.

_____/

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, SCOTT J. ISRAEL, as Sheriff of Broward County, Florida, hereby files his Answer and Affirmative Defenses to Plaintiff's Complaint and states:

1.     Defendant admits that Plaintiff is attempting to bring a civil action for damages, but denies all allegations of wrongdoing and liability and denies that Plaintiff is entitled to any of the relief sought.

2.     Defendant is without knowledge as to whether Plaintiff has complied with all conditions precedent, so it is therefore denied.

3.     Admitted.

4.     Defendant admits that Scott Israel is the Sheriff of Broward County, Florida, but denies all allegations of wrongdoing and liability and denies that Plaintiff is entitled to any of the relief sought.

5.     Admitted.

6.     Defendant is without knowledge, therefore denied.

7.     Defendant is without knowledge, therefore denied.

EXHIBIT A

8.    Defendant is without knowledge, therefore denied.

9.    Admitted.

10.   Admitted.

11.   Defendant admits that Mirta Rodriguez informed Deputy John Rodriguez about a text message she believed violated the no-contact provision that day, October 18th, and that she informed him that she was instructed by the Miami-Dade Police Department to obtain a police report from the Defendant BROWARD SHERIFF'S OFFICE, but denies the remaining allegations in paragraph 11.

12.   Defendant admits that John Rodriguez provided Mirta Rodriguez with a form styled "Motion for Civil Contempt", but denies the remaining allegations in paragraph 12.

13.   Defendant admits that an employee of the Broward Sheriff's Office determined that Mirta Rodriguez's license was suspended, but denies all other allegations in paragraph 13.

14.   Defendant is without knowledge sufficient to form a belief as to whether Mirta Rodriguez was in fear for her life, but denies all other allegations in paragraph 14.

15.   Denied.

16.   Defendant admit that Plaintiff has quoted the cited case, but denies all allegations of wrongdoing and liability and denies that Plaintiff is entitled to any of the relief sought.

17.   Defendant admits that Plaintiff has quoted the cited case, but denies all allegations of wrongdoing and liability and denies that Plaintiff is entitled to any of the relief sought.

EXHIBIT A

EXHIBIT A

18.     Defendant admits that Plaintiff left the building, but denies all other allegations in paragraph 18.

19.     Defendant admits that Plaintiff returned to the Weston District Headquarters. but is without knowledge regarding all other allegations in paragraph 18, therefore denied.

20.     Defendant admits that Plaintiff was arrested by the Defendant Broward Sheriff's Office and charged with assault upon Pierre-Louis and disorderly conduct in violation of Florida law, but denies all other allegations in paragraph 20.

21.     Defendant is without knowledge, therefore denied.

22.     Defendant is without knowledge, therefore denied.

## COUNT I
**False Arrest/False Imprisonment Claim Against Defendant Broward Sheriff's Office**

23.     Defendant realleges and incorporates herein its responses to paragraphs 1 through 22, above.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

EXHIBIT A

EXHIBIT A

Wherefore, Defendant denies all allegations of wrongdoing and liability and denies that Plaintiff is entitled to any of the relief sought.

33.     Defendant admits that Plaintiff seeks a trial by jury, but denies all allegations of wrongdoing and liability and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.     Defendant asserts that the BSO deputies' conduct and actions are subject to qualified immunity because the BSO Deputies did not clearly violate any established rights guaranteed to Plaintiff of which an objectively reasonable person and/or reasonable law enforcement officer would have known.  At all times material, the BSO Deputies involved in the arrest of Plaintiff acted in good faith relying upon the knowledge they were provided prior to Plaintiff's arrest, and the existing statutes, policies and procedures as authority for their actions.  The BSO Deputies involved in Plaintiff's arrest made such arrest based upon probable cause and/or arguable probable cause.

2.     Defendant asserts that he is entitled to a set-off for any and all collateral sources paid or due to be to or on behalf of the Plaintiff from any source considered by law to be a collateral source.

3.     Plaintiff's damages, if any, should be barred or reduced to the extent Plaintiff has failed to mitigate his damages.

4.     Defendant asserts should it be found that the BSO deputies acted outside the course and scope of their employment that such actions are deemed to be insufficient to impose vicarious liability on the Defendant.

EXHIBIT A

EXHIBIT A

5.      Defendant asserts that Plaintiff's own actions were the sole cause of his

alleged injuries and damages, if any.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via *electronic mail* to Hugh L. Koerner, Esq., (**hlklaw@hughkoerner.com**) at Hugh L. Koerner, P.A. 3475 Sheridan Street, Suite 208, Hollywood, FL, on this 1st day of July, 2016.

**KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT**
*Attorneys for Defendant, BSO*
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No.   (954) 525-4300

By: */s/ Seth D. Haimovitch*
     DAVID L. FERGUSON
     Florida Bar Number:  0981737
     SETH D. HAIMOVITCH
     Florida Bar Number:  0085939
     ALEXIS FIELDS
     Florida Bar Number: 95953
     Ferguson@kolawyers.com
     Haimovitch@kolawyers.com
     Fields@kolawyers.com

EXHIBIT A